HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s decision to reverse the district court’s order denying Sweet and Sinnamon’s motion to dismiss with regard to the first search. Sweet and Sinnamon were entitled to qualified immunity for this search because it was objectively reasonable for Sweet to construe Hall’s consent as encompassing the first challenged search. As to the second search, I disagree with the majority’s conclusions that the search was reasonable and that the law was not clearly established at the time of the searches.
The majority correctly observes that Michigan has a strong interest in ensuring child safety in child care facilities, and I. agree that the first search—conducted pursuant to a 'report that Hall was hiding children in rooms unlicensed for child care—was permissible. It was .objectively reasonable for Sweet to believe that Hall’s consent to an “onsite inspection of [her] facility” to determine “conformity with the rules” authorized the search for hidden children'. I disagree with the majority, however, insofar as it implies that the second search was authorized under the license renewal application’s consent provision because of Hall’s past violation of Michigan’s child care rules. Assuming arguendo that the majority correctly interprets the consent provision to apply by its terms to the entire house, the second search fails to meet the provision’s own reasonable and necessary standard. Under the majority’s reading of the provision, Hall’s February 18, 2010, violation justified a warrantless, on-demand search of the entirety of Hall’s private residence over a year later, on May 24, 2011—even though there was no allegation that Hall was hiding children at this time. The implication of this broad reading is that Hall’s initial violation of the rules would justify any subsequent war-rantless search for hidden children, no matter how removed from the original complaint. As “searches and seizures inside a home without a warrant are presumptively unreasonable,” Groh v. Ramirez, 540 U.S. 551, 559, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), such a broad construction of the consent provision is objectively unreasonable.
Unlike the first search, the second search followed an anonymous complaint that Hall was operating her group child care home without an assistant caregiver; the complaint did not include an allegation that Hall was hiding children or was out of ratio. Upon entering the child care home, Sweet and Sinnamon observed that, contrary to the complaint, there was an assistant caregiver present. Despite Hall’s apparent compliance with the rules, Sweet and Sinnamon conducted a second inspection of the Hall family’s private residence areas searching for 'hidden children. The majority’s approval of this search based on the consent provision suggests that the consent provision authorizes DHHS employees to conduct warrantless searches of the private areas of a child care home so long as a licensee has ever been in violation of the licensing rules. In other words, because Hall was once found to be overcapacity, DHHS employees were free to search her private residence areas whenever they wanted. This construction of the consent provision is not reasonable. Thus, the warrantless search cannot be justified under the consent provision, and was not reasonable under the Fourth Amendment.
Further, I disagree with the majority’s conclusion that the law was not clearly established as to whether social workers are subject to the Fourth Amendment’s *483 warrant requirements. The majority correctly identifies Andrews as the controlling precedent on this issue. There, this court reaffirmed that to determine whether there was a clearly established right, “a district court looks to binding precedent by the Supreme Court, its court of appeals or itself.” Andrews v. Hickman Cty., Tenn., 700 F.3d 845, 862 n.7 (6th Cir. 2012). “[W]e look first to decisions of the Supreme Court, then to our own decisions and those of other courts within the circuit, and then to decisions of other Courts of Appeal.” Id. at 853. As the majority notes, the Western District of Michigan, where this case originated, held' in 2004 that ‘“the Fourth Amendment applies to [social workers], as it does to all other officers and agents of the state[.] ... There is ... no social worker exception to the strictures of the Fourth Amendment.’ ” O’Donnell v. Brown, 335 F.Supp.2d 787, 802 (W.D. Mich. 2004) (internal quotation marks omitted). Since O’Donnell predated the challenged searches, it is sufficient to create a clearly established constitutional right in this context. This is especially true considering many other circuits had already decided that social workers are not exempt from the Fourth Amendment. See, e.g., Gates v. Texas Dep’t of Protective & Regulatory Servs., 537 F.3d 404, 420 (5th Cir. 2008) (“We begin by noting that it is well established in this circuit that the Fourth Amendment regulates social workers’ civil investigations.”); Doe v. Heck, 327 F.3d 492, 509 (7th Cir. 2003) (“Thus, the strictures of the Fourth Amendment apply to child welfare workers, as well as all other governmental employees.”); Roska v. Peterson, 328 F.3d 1230, 1242 (10th Cir. 2003) (“Measured against this parental interest, the state’s interest in protecting children does not excuse social workers from the warrant requirement of the Fourth Amendment.”); Calabretta v. Floyd, 189 F.3d 808, 816 (9th Cir. 1999) ( [Precedent] does not hold that the social worker may enter the home despite the absence of consent or exigency.”); Lenz v. Winburn, 51 F.3d 1540 (11th Cir. 1995); Wildauer v. Frederick Cty., 993 F.2d 369, 372 (4th Cir. 1993) (applying the Fourth Amendment to social workers but adding that lesser scrutiny applies to non-criminal “investigative home visits”). This large body of circuit authority, coupled with at least one case from the Western District of Michigan, clearly established at the time of the searches that social workers are subject to the Fourth Amendment’s strictures.
Because the second search violated Hall’s clearly established Fourth Amendment rights, I would affirm the district court’s denial of qualified immunity as to that search and remand for further proceedings.